930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Rodger D. IVES, Plaintiff-Appellant,
v.
MONTEZUMA COUNTY, COLORADO, James R. Aiken; and John
Glazner, Defendants-Appellees.
 No. 90-1188.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 The appellant, Rodger D. Ives, filed a pro se complaint against Montezuma County, Colorado; James Aiken, a county judge; and John Glazner, the county sheriff. He asserted claims under 42 U.S.C. Sec. 1983(1) for malicious prosecution by defendants Glazner and Aiken, (2) for conspiracy by all defendants, and (3) for the alleged policy and custom of Montezuma County to maliciously prosecute "Constitutionalists." The district court granted defendant Aiken's motion to dismiss based on absolute judicial immunity. The district court also entered summary judgment in favor of the county and defendant Glazner, concluding that plaintiff had failed to state a claim against them. Finally, the district court denied Mr. Ives' motions for a continuance to permit further discovery under Fed.R.Civ.P. 56(f), and for sanctions against defendant's counsel under Rule 11. Mr. Ives now appeals the district court's order.
 
 
 3
 We review the dismissal of the complaint against defendant Aiken de novo, accepting all allegations at face value and construing them in the light most favorable to the appellant. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988); Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). We also recognize that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Meade, 841 F.2d at 1526.
 
 
 4
 After reviewing the pleadings and the record, we hold that the district court correctly determined that absolute immunity applies in this case, and therefore affirm the district court's dismissal of the complaint against defendant Aiken for substantially the reasons set out in the district court order.
 
 
 5
 We review a summary judgment order applying the same standard as the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). We have, accordingly, "examine[d] the record to determine if any genuine issue of material fact was in dispute" and "if the substantive law was correctly applied." Id. at 143. However, "the mere existence of some alleged factual dispute ... will not defeat an otherwise properly supported motion for summary judgment...." Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 247-48 (1986) (emphasis in original). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.
 
 
 6
 Upon review of the analysis and authorities relied on in the district court opinion, we affirm the district court's grant of defendants Glazner and Montezuma County's motion for summary judgment for substantially the reasons set out in the district court order. In so doing we note that plaintiff did sue Mr. Glazner in both his individual and official capacities. However, Mr. Glazner is not liable in either capacity absent an affirmative link between the alleged constitutional violation and his participation, control or failure to supervise. See McKay v. Hammock, 730 F.2d 1367, 1374 (10th Cir.1984) (en banc). We agree with the district court that plaintiff failed to raise a fact issue on this requirement.
 
 
 7
 Finally, we hold that the district court did not abuse its discretion by denying Mr. Ives' motions under Rules 11 and 56(f).
 
 
 8
 For the foregoing reasons, we AFFIRM the order of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3